IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHARLES P. CARLISLE,                    :

       Petitioner,                       :

       vs.                               :

WARDEN, LEBANON CORRECTIONAL
INSTITUTION                             :

       Respondent                        :

Case No. 3:10-cv-289

JUDGE WALTER HERBERT RICE

---

DECISION AND ENTRY ADOPTING REPORT AND
RECOMMENDATIONS (DOC. #9); OVERRULING PETITIONER'S
OBJECTIONS THERETO (DOC. #11); JUDGMENT TO ENTER IN
FAVOR OF RESPONDENT AND AGAINST PETITIONER; TERMINATION
ENTRY

---

Petitioner Charles Carlisle stabbed drug dealer Geramie Treadwell with a

knife, and Treadwell died a short time later. The altercation took place inside

Petitioner's apartment after Treadwell refused to comply with Petitioner's request

to leave. At trial, during his opening argument, Petitioner's attorney told the jury

that the evidence would show that Petitioner had acted in self-defense. Petitioner

then took the stand to testify in support of that defense.

On cross-examination, however, Petitioner said that the killing was an

accident. He did not mean to harm Treadwell. He simply wanted to scare him to

make him leave the apartment. *State v. Carlisle*, 2009-Ohio-6004, 2009 WL

3790688, at ¶¶ 28-35 (Ohio App. 2d Dist. Nov. 13, 2009).  Because this

testimony was inconsistent with a claim of self-defense, Petitioner's attorney

withdrew his request for a jury instruction on self-defense.  He instead requested,

and received, a jury instruction on the affirmative defense of accident.   Petitioner

was convicted on four counts of murder and felonious assault and sentenced to

fifteen years to life imprisonment.

## I.    Procedural History

In his habeas petition, brought under 28 U.S.C. § 2254, Petitioner asserts

three grounds for relief:

> *Ground One*: Ineffective assistance of counsel, Sixth Amendment
> violation for failing to assert self-defense, after telling jury he would
> prove it in his opening statement.
>
> *Ground Two*: Trial court excluded testimony in violation of Criminal
> Rule 404 and 405, violative to the Sixth and Fourteenth
> Amendment[s].  Court would not allow defense to submit record and
> character of victim in the record.
>
> *Ground Three*: The court erred in not instructing the jury as to self
> defense.

Petition, Doc. #1.

As the Magistrate Judge noted, Petitioner's claims are governed by the Anti-

terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254.  Under

AEDPA, a federal court

> may not grant a writ of habeas to a petitioner in state custody with
> respect to any claim adjudicated on the merits in state court unless (1)
> the state court's decision "was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as

2

determined by the Supreme Court" . . . or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

*Taylor v. Withrow*, 288 F.3d 846, 850 (6th Cir. 2002) (quoting 28 U.S.C. § 2254(d)).

A state prisoner is required to exhaust all available state court remedies prior to seeking federal habeas relief.  28 U.S.C. § 2254(b).  If the state courts do not adjudicate a constitutional claim on its merits because the prisoner failed to raise it in accordance with state procedural rules, the claim is procedurally defaulted and the federal court cannot review the claim unless the petitioner shows cause for the default and prejudice resulting from the constitutional violation.  *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977).

In his Report and Recommendations, the Magistrate Judge concluded that, with respect to the ineffective assistance of counsel claim (Ground One), Petitioner had failed to prove deficient performance and prejudice, as required under *Strickland v. Washington*, 466 U.S. 668 (1984).  The Magistrate Judge concluded that Grounds Two and Three were procedurally defaulted.  He rejected Petitioner's claim of actual innocence to excuse the default, noting that Petitioner had presented no new evidence to support a claim of actual innocence.

Petitioner has filed objections to each of these findings.[1]  He urges the Court to either grant his Petition or hold an evidentiary hearing.  Based upon the reasoning and citations of authority set forth in the Report and Recommendations of the United States Magistrate Judge (Doc. #9), as well as upon a thorough *de novo* review of this Court's file and the applicable law, said Report and Recommendations are adopted in their entirety.  Petitioner's Objections (Doc. #11) and his accompanying request for an evidentiary hearing are overruled.

II.    **Objections**

  A.    **Ground One**

In his first ground for relief, Petitioner argues ineffective assistance of trial counsel, based on counsel's failure to request a jury instruction on Petitioner's claim of self-defense.  It is undisputed that this claim is not procedurally defaulted.

Under *Strickland*, a petitioner asserting a claim of ineffective assistance must prove deficient performance, *i.e.*, that "counsel's representation fell below an objective standard of reasonableness," and prejudice, *i.e.*, that there is a "reasonable probability" that, but for counsel's errors, the outcome of the trial would have been different.  466 U.S. at 687-88, 694.

---

[1] In addition to the three grounds for relief discussed above, Petitioner also urged the Court to conduct a plain error review on the question of whether his conviction violated the Double Jeopardy Clause of the Fifth Amendment.  The Magistrate Judge found that because the trial court merged all counts before sentencing, there was no violation.  Doc. #9, at 16-17.  Petitioner has not objected to this finding.

4

The Second District Court of Appeals found that "[i]n light of Carlisle's testimony, defense counsel acted reasonably in deciding to withdraw his request for an instruction on self defense, and as such, did not provide ineffective assistance." *Carlisle*, 2009 WL 3790688, at ¶ 40.[2] The court did not reach the prejudice prong of *Strickland*.

Petitioner argues that the state court's opinion is contrary to, and an unreasonable application of, *Strickland*. He argues that his trial counsel's performance was deficient because the attorney failed to conduct a thorough investigation of all relevant facts prior to deciding on a trial strategy. According to Petitioner, his attorney never questioned him about his intended testimony or explained what was required to prove self-defense. Traverse, Doc. #8, at 5-7. Petitioner maintains that he did, in fact, act in self-defense but, because his counsel failed to adequately prepare him to testify, Petitioner was unable to properly articulate this theory to the jury. Petitioner further argues that the prejudice is obvious. He testified only because his attorney was going to argue that Petitioner had acted in self-defense. When his attorney later withdrew that affirmative defense, the jury was left only with Petitioner's admission, under oath, that he killed Treadwell. According to Petitioner, the conviction flowed directly

---

[2] By definition, self-defense and accident are inconsistent defenses. Self-defense "presumes intentional, willful use of force to repel force or escape force," whereas accident is "wholly unintentional and unwillful." *State v. Champion*, 109 Ohio St. 281, 286-87, 142 N.E.141, 143 (Ohio 1924).

from that admission.

The Magistrate Judge rejected Petitioner's claim that the state court's opinion is contrary to, or an unreasonable application of, *Strickland*. With respect to Petitioner's claim that his attorney never asked him what he was going to say on the stand, the Magistrate Judge found that because this factual allegation is outside the record and was never presented to the state courts as part of the ineffective assistance of counsel claim, this Court cannot consider it.

Petitioner's objections to this particular finding miss their intended target. Petitioner argues that it can be inferred from the record that his attorney did not know what Petitioner was going to say; his attorney told the jury that the evidence would show that he acted in self-defense. While this may be true, it does not change the fact that this particular assignment of error was not presented to the state courts. The only asserted basis for the ineffective assistance of counsel claim was defense counsel's failure to request a jury instruction on the affirmative defense of self-defense at the close of trial. *Carlisle*, 2009 WL 3790688, at ¶¶ 15-16.

As to that one claim that *was* presented to the state courts, the Court agrees with the Magistrate Judge that the facts, as testified to by Petitioner at trial, do not support a claim of self-defense. Therefore, it was not objectively unreasonable for trial counsel to withdraw his request for a jury instruction on self-defense, and the state court's conclusion to this effect was not contrary to, or an

6

unreasonable application of, *Strickland*.[3] Petitioner maintains that it was his attorney's failure to properly investigate the claim and prepare him to testify that created the need for him to withdraw the requested jury instruction. But again, because these factual allegations were not part of the record in state court, this Court cannot consider them in connection with the habeas petition. Petitioner's objections with respect to Ground One are therefore OVERRULED.

### B.      Ground Two

Prior to trial, Petitioner's attorney had filed a motion *in limine* seeking to admit trial testimony of a police lieutenant concerning Treadwell's violent nature and gang affiliation. Petitioner maintains that this evidence would have bolstered his claim of self-defense. The trial court failed to rule on the motion prior to trial. Petitioner's attorney failed to object to the implied denial of his motion, and failed to preserve the issue for appeal by proffering the officer's testimony at trial.

Accordingly, the Second District Court of Appeals overruled this assignment of error. In the alternative, the court noted that the officer's testimony would have been relevant only to a claim of self-defense, which was not presented at trial. *Carlisle*, 2009 WL 3790688, at ¶¶ 44-45.

The Magistrate Judge agreed with Respondent that this claim was procedurally defaulted. Petitioner failed to comply with a state procedural rule that

---

[3] Having determined that Petitioner failed to satisfy the first prong of *Strickland*, the Court need not address the second prong.

required a party "who has been temporarily restricted from introducing evidence by

virtue of a motion *in limine*, to seek the introduction of the evidence by proffer or

otherwise in order to enable the court to make a final determination as to its

admissibility and to preserve any objection on the record for purposes of appeal."

*State v. Grubb*, 28 Ohio St.3d 199, 503 N.E.2d 142, syl. ¶ 2 (Ohio 1986). That

procedural rule, which was an "adequate and independent" state ground on which

the state could rely to foreclose review of a federal constitutional claim, was

enforced against Petitioner.[4]  Therefore, Petitioner was required to show cause and

prejudice in order to excuse the procedural default. *Maupin v. Smith*, 785 F.2d

135, 138 (6th Cir. 1986).

     Petitioner argues that ineffective assistance of trial counsel, in failing to

proffer the officer's testimony, constitutes cause. However, as the Magistrate

Judge correctly noted, because Petitioner failed to argue this in state court, this

claim is also now procedurally defaulted. Report and Recommendations, Doc. #9,

at 14.

     The Magistrate Judge also found that Petitioner failed to show prejudice.

Even assuming that the trial court improperly excluded evidence of the character of

the victim, an evidentiary ruling of this type does not ordinarily rise to the level of a

---

[4] Petitioner argues that "[t]his is a very odd rule which has no place in
[A]merican jurisprudence." He further characterizes the rule as "ignorant." Obj. to
Report and Recommendations, Doc. #11, at 5-6. Petitioner's personal viewpoints
on this issue, however, are irrelevant to the procedural default analysis.

constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).

In his Objections, Petitioner notes that evidentiary rulings can be so egregious that they constitute a due process violation. He further argues that this ruling rises to that level because if the jury knew that the victim had violent tendencies, it would bolster his claim of self-defense. This may well be true, but, as the Magistrate Judge noted, that defense was withdrawn from consideration because it was inconsistent with Petitioner's trial testimony. Under these circumstances, Petitioner cannot prove that he was prejudiced by the exclusion of the character evidence. Admission of that evidence would do nothing to fix the underlying problem. Petitioner's testimony that the stabbing was accidental foreclosed his claim of self-defense.

Petitioner further argues that the procedural default should be excused because he is actually innocent of murder, having stabbed Treadwell in self-defense. Although actual innocence may, in some cases, excuse a procedural default, *Murray v. Carrier*, 477 U.S. 478, 497 (1986), a habeas petitioner must present new evidence in support of his claim of actual innocence. *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.")

Petitioner does not deny that he has failed to present new evidence.  He simply argues that a miscarriage of justice will result if the Court does not reweigh the evidence.  He argues that if the jury heard more about the victim, it would easily conclude that Petitioner had acted in self-defense.  But again, Petitioner cannot explain how to overcome the hurdle presented by his own trial testimony that what happened was accidental.

For these reasons, the Court OVERRULES Petitioner's Objections to the Magistrate Judge's Report and Recommendations with respect to Ground Two of the habeas petition.

### C.    Ground Three

Finally, Petitioner argues that the trial court erred in not instructing the jury on self-defense as a lesser-included offense.  The Magistrate Judge found that this claim was also procedurally defaulted.  Petitioner's appellate counsel did not include it on direct appeal.  Again, because Petitioner had failed to present any new evidence in support of a claim of actual innocence, the Magistrate Judge rejected Petitioner's argument that the procedural default should be excused.

Moreover, as the Magistrate Judge pointed out, there was no reason to include it among lesser-included offenses; if self-defense were proven, it would be a complete defense to a conviction, rather than a factor that might reduce the level of the conviction.  Finally, the Magistrate Judge noted that, in light of Petitioner's trial testimony, a claim of self-defense was simply not viable.

10

Petitioner again objects to the finding concerning procedural default, arguing that ineffective assistance of counsel constitutes cause. He also again argues that he is actually innocent, and that a miscarriage of justice will result if the Court does not reweigh the evidence. These objections are OVERRULED for the reasons previously discussed.

III.   **Conclusion**

For the reasons set forth above, the Court OVERRULES Petitioner's Objections to the Magistrate Judge's Report and Recommendations (Doc. #11), and ADOPTS the Report and Recommendations in its entirety (Doc. #9). The Petition is DISMISSED with prejudice on the merits.

Given that Petitioner has failed to set forth the denial of a constitutional right, and that this Court's decision herein would not be debatable among jurists of reason, the Petitioner's anticipated request for a Certificate of Appealability is denied. Moreover, given that any appeal from this decision would be <u>objectively</u> frivolous, the Court denies leave to appeal *in forma pauperis*.

Judgment will be entered in favor of Respondent and against Petitioner herein, denying and dismissing the 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: September 19, 2011

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:    Charles Carlisle, *pro se*
              Counsel of Record

12